IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| H.R., A MINOR, BY AND THROUGH HIS PARENTS KASSIE K. RIVERA AND HIGINIO RIVERA, AS NEXT FRIENDS OF H.R., A MINOR, KASSIE K. RIVERA, INDIVIDUALLY, AND HIGINIO RIVERA, INDIVIDUALLY § § § § § § § § § § § § V. UNITED STATES OF AMERICA | CIVIL ACTION NO. 1:12-CV-338 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, H.R., a Minor, by and through his parents, Kassie K. Rivera and Higinio Rivera, as Next Friends, Kassie K. Rivera, Individually, and Higinio Rivera, Individually, and file this Original Complaint against the United States of America and, in support of their causes of action, respectfully show the Court the following:

## I.
## JURISDICTION, PARTIES AND VENUE

1.1  This is a medical malpractice case brought under the Federal Tort Claims Act for severe and permanent injuries arising out of negligent acts or omissions of employees, agents, apparent agents, servants or representatives of the United States while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs under the laws of the State of Texas where the acts and/or omissions occurred. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1346 (b).

1.2    At all times relevant to these matters, the employees, agents, apparent agents, servants or representatives of the United States was subject to the United States' right to control, including substantial supervision and direction over their day-to-day activities.

1.3    The Plaintiffs, H.R., a minor; Kassie K. Rivera and Higinio Rivera are individuals residing in Lansing, Ingram County, Michigan.

1.4    At all times relevant to this Complaint, the Defendant, the United States of America, was the employer of health care providers who administered care and treatment to Kassie K. Rivera while she was in labor with H.R. and to H.R. at Darnall Army Medical Center.

1.5    The United States of America is a Defendant.

1.6    Defendant United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on John F. Paniszczyn, Acting United States Attorney for the Western District of Texas, and designated agent for service of process as 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216 to the attention of the Civil Process Clerk, Ms. Melissa Albright, Office of the United States Attorney for the Western District of Texas; by serving a copy of the Summons and Complaint on Attorney General of the United States of America, Eric H. Holder, Jr., by certified mail, return receipt requested, at the Attorney General's Office, 950 Pennsylvania Avenue, Room 3141, Washington, D.C. 20530, to the attention of the Civil Division; and by serving a copy of the Summons and Complaint on Gary M. Manuele, Center Counsel, Medical Claims Attorney, by certified mail, return receipt requested, at the Department of the Army, Carl R. Darnall Army Medical Center, 36000 Darnall Loop, Fort Hood, Texas 76544.

1.7     Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(a)(1) and (c) as the United States is a Defendant and because all or part of the cause of action accrued in this District.

## II.
## LIABILITY OF THE UNITED STATES OF AMERICA

2.1     This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts or omissions of employees of the United States at Darnall Army Medical Center, Fort Hood, Texas, while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Texas.

2.2     The United States Army is an agency of the United States of America. The United States of America, Defendant, through its agency, the United States Army, at all times material hereto, owned, operated and controlled the health care facility known as Darnall Army Medical Center, and though its agency, the United States Army, staffed the health care facility with agents, servants, and/or employees.

## III.
## JURISDICTIONAL PREREQUISITES

3.1     On August 19, 2010, the Plaintiffs submitted an administrative claim on Form 95 to the appropriate claims officer in the Department of the Army, Fort Hood, Consolidated Claims Office, and Carl R. Darnall Medical Center. The claim was acknowledged by the agency on

August 30, 2010 and forwarded to The Department of the Army, Office of Center Counsel, Carl R. Darnall Medical Center. As of this date, a letter of denial of said claim has not been received, more than six (6) months have passed and the Plaintiffs do hereby exercise their option of considering that the claim is denied. Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## IV.
## BACKGROUND FACTS

4.1    This is a case of medical negligence in which a healthy unborn baby suffered severe and permanent brain damage because the medical professionals caring for the baby's mother and the unborn baby ignored signs that the baby was distressed, chose to administer Pitocin when there were abnormalities in the baby's heart rate, and failed to intervene by cesarean section before the baby suffered a devastating brain injury.

4.2    On September 11, 2008, Kassie Rivera was pregnant with H.R. On that date, she was admitted to the Darnall Army Medical Center at Fort Hood, Texas, for induction of labor.

4.3    Prior to her admission, Kassie Rivera had undergone multiple nonstress tests and biophysical profiles of her baby, all of which were normal.

4.4    At induction, the estimated gestational age of her baby was 37 weeks, 2 days.

4.5    Induction was begun, using the drug Pitocin, at approximately 1300 on September 11, 2008, and Kassie Rivera was placed on an electronic fetal monitor, a device to monitor the baby's heart rate and the mother's uterine contractions.

4.6    At approximately 0946 on September 12, 2008, Kassie Rivera's membranes were artificially ruptured.

4.7     From 0946 until 2159 on September 12, 2008, H.R.'s heart rate exhibited multiple decelerations and an elevated baseline, all of which persisted despite attempts at intrauterine resuscitative measures.

4.8     Kassie Rivera began pushing at approximately 2159 and delivered H.R. vaginally at 2228.

4.9     H.R. was depressed at birth, with Apgar scores of 4 at one minute and 7 at five minutes. Meconium, or fetal stool, was present. He required positive pressure ventilation in order to breathe, and was transferred to a neonatal intensive care unit.

4.10    At approximately six hours of age, H.R. began exhibiting seizure activity.

4.11    Radiological studies conducted shortly after H.R.'s birth showed abnormalities consistent with hypoxic ischemic encephalopathy, i.e. brain damage caused by lack of oxygen during the perinatal period, as well as changes consistent with mechanical birth trauma.

4.12    In addition to H.R.'s seizures, brain imaging, and condition at birth, he also had an abnormal EEG study, evidence of injuries to other organs, including the kidneys and liver, and metabolic acidosis persisting at 12 hours of life, all additional signs of oxygen deprivation during the perinatal period.

4.13    The injuries to H.R.'s brain are permanent and severe. He has in the past, and will, for the entirety of his life, require medical care, medical and assistive devices, therapies, and assistance with activities of daily living, will suffer physical pain and mental and emotional anguish, and will be disabled and therefore lose money in the nature of wages or earnings.

4.14    Kassie Rivera and Higinio Rivera, as a result of the injuries to their child, have in the past and will in the future suffer mental and emotional anguish, and will be forced to spend

sums for medical care, medical and assistive devices, therapies, and assistance with activities of daily living for H.R.

## V.
## CLAIM FOR NEGLIGENCE OF DEFENDANTS

5.1  The Defendant, the United States of America, by and through its agents, apparent agents, employees, servants, representatives, and contractors, undertook duties to provide proper care to Kassie K. Rivera and her unborn child, H.R., with the level of care, skill and treatment that is recognized as acceptable and appropriate by reasonably prudent health care providers.

5.2  Notwithstanding these duties undertaken by the Defendants, the Defendants breached the duties to Kassie K. Rivera and her unborn child, H.R., by engaging in at least the following acts or omissions which deviated from and fell below the accepted standards of medical care and treatment in at least the following ways:

   a.  In failing to adequately interpret the fetal heart rate;

   b.  In failing to take timely action in response to the fetal heart rate;

   c.  In continuing the administration of Pitocin in the face of fetal heart rate abnormalities;

   d.  In failing to intervene by cesarean section in a timely manner; and

   e.  In failing to properly train the attending medical personnel.

5.3  Had the health care providers caring for Kassie Rivera and her unborn baby acted in accordance with the standard of care, H.R. would not have been injured.

## VI.
## PLAINTIFF'S DAMAGES

6.1.  As a direct and proximate result of the Defendants acts and/or omissions as set forth above, H.R. has sustained permanent brain damage with significant physical, mental, emotional, social and economic limitations and effects. These limitations and effects will

continue for the rest of his life. The damages sustained by H.R. include, but are not limited to, the following:

- Physical pain and mental anguish sustained in the past and that in reasonable probability will be sustained in the future;

- Disfigurement sustained in the past and that in reasonable probability will be sustained in the future;

- Physical impairment sustained in the past and that in reasonable probability will be sustained in the future;

- Mental impairment sustained in the past and that in reasonable probability will be sustained in the future;

- Loss of earning capacity that in reasonable probability will be sustained in the future after H.R. reaches the age of 18 years;

- Medical, nursing, therapy, attendant care, and rehabilitation expenses that in reasonable probability will be sustained in the future after H.R. reaches the age of 18 years;

- Special educational expenses that in reasonable probability will be sustained in the future after H.R. reaches the age of 18 years;

- Special adaptive living expenses that in reasonable probability will be sustained in the future after H.R. reaches the age of 18 years; and

- Loss of consortium with his parents, Kassie K. Rivera and Higinio Rivera.

6.2  As a direct and proximate result of the Defendant's acts and/or omissions as set forth above, Kassie K. Rivera and Higinio Rivera seek to recover for the economic damages incurred and to be incurred on H.R.'s behalf until H.R. reaches majority. Those damages, include, but are not limited to, damages, as follows:

- Medical, nursing, therapy, attendant care, and rehabilitation expenses for H.R. sustained in the past and that in reasonable probability will be sustained in the future until H.R. reaches the age of 18 years;

- Special educational expenses for H.R. sustained in the past and that in reasonable probability will be sustained in the future until H.R. reaches the age of 18 years;

- Special adaptive living expenses for H.R. sustained in the past and that in reasonable probability will be sustained in the future until H.R. reaches the age of 18 years;

- The reasonable value of attendant care provided by Kassie K. Rivera to H.R. to the date of trial;

- The reasonable value of attendant care provided by Higinio Rivera to H.R. to the date of trial;

- Loss of household services of H.R.; and

- Out of pocket expenses.

## VII.
## PRAYER FOR RELIEF

7.1     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this case proceed to trial, and that Plaintiffs recover a judgment of and from Defendant for actual damages in the amount of such an amount as the evidence may show and the trier of fact may determine to be proper, post-judgment interest, costs, and all other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Laura Brown*
_____
**Laura Brown**
State Bar No. 19238020
**Dale D. Williams**
State Bar No. 21523000
**WILLIAMS & BROWN, L.L.P.**
Bridgeview Center, 2nd Floor
7901 Fish Pond Road
Waco, Texas 76710
(254) 741-6200
(254) 741-6300 (FAX)

KENNETH M. SUGGS
State Bar No. 5424
**JANET, JENNER & SUGGS, LLC**
Commerce Centre East
1777 Reisterstown Road, SUITE 165
Pikesville, MD  21208
(410) 653-3200
(410) 653-9030 (FAX)

**Attorneys for Plaintiffs**