IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *H.R., a minor, by and through his parents* | § | |
| *KASSIE K. RIVERA and HIGINIO RIVERA,* | § | |
| *as next friends of H.R., a minor,* | § | |
| *KASSIE K. RIVERA, individually, and* | § | |
| *HIGINIO RIVERA, individually,* | § | |
| Plaintiffs, | § | Civil Action No. A-12-CV-338-JRN |
| | § | |
| *v.* | § | |
| | § | |
| *UNITED STATES OF AMERICA,* | § | |
| Defendant. | § | |

## ORDER APPROVING SETTLEMENT ON BEHALF OF MINOR

On this 3rd day of December, 2013, the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and H.R., a minor. Plaintiff H.R., a minor, appeared through his attorney of record, his parents and next friends, Kassie Rivera and Higinio Rivera, and his Court-Appointed Guardian *Ad Litem*, Gary Zausmer. Plaintiff Kassie Rivera appeared in person and through her attorneys of record. Defendant United States of America appeared through its attorney of record.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation") and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust For The Benefit of H.R. (hereinafter "Reversionary Trust"), attached as Exhibits "A" and "B." The Court has reviewed the Stipulation and the Reversionary Trust, considered the evidence and record properly before it, including, but not limited to, the testimony of Plaintiff Kassie Rivera, and received arguments in favor of the settlement set forth in the Stipulation and the Reversionary Trust. The Court is fully informed of the specifics of the full

and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States. The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation and Reversionary Trust, are fair, reasonable, and in the best interests of H.R., a minor.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibits "A" and "B", is hereby approved. It is further Ordered that Kassie Rivera and Higinio Rivera, as parents and next friends of H.R., a minor, and Gary Zausmer, the Court-appointed Guardian *Ad Litem* of H.R., a minor, are authorized to sign the Stipulation and the Reversionary Trust accordingly. It is further Ordered that Kassie Rivera and Higinio Rivera are authorized to sign any other documents that are necessary to consummate the settlement as set forth in Exhibits "A" and "B" and to provide any information and documentation necessary to complete the purchase of annuity contracts and the establishment of the Reversionary Trust on behalf of H.R., a minor.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of Six Million Five Hundred Thousand Dollars ($6,500,000.00) (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation. With respect to the settlement check that will be made payable pursuant to Paragraph 3.a.i. of the Stipulation, the Court hereby Orders the plaintiffs, Kassie K. Rivera and Higinio Rivera, individually and as next friends of H.R., a minor, to endorse that check over to their attorney, Kenneth Suggs of Janet, Jenner & Suggs, to be deposited into the trust account of Janet, Jenner & Suggs, to be used to fund the special needs trust or similar account to be created on behalf of H.R., a minor, the attorneys' fees including the Guardian *Ad Litem* fees, as well as costs and expenses herein approved and to pay any liens or claims for reimbursement.

The Court finds that the amount of $_____, which includes the Guardian *Ad Litem* fees of $_____ , constitutes fair and reasonable attorney's fees in this action and does not exceed the statutory maximum of twenty-five percent allowed under the Federal Tort Claims Act (28 U.S.C. § 2678). The Court further finds that the costs and expenses associated with the litigation are $_____ , and that such costs and expenses are fair, reasonable, and necessary.[1] Accordingly, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that such attorney's fees, costs, and expenses are approved and are to be paid as provided in the Stipulation.

The Court finds that Plaintiffs, Kassie K. Rivera and Higinio Rivera, in their individual capacities, are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby Orders Plaintiffs, Kassie K. Rivera and Higinio Rivera, in their individual capacities, by and through their attorneys, to satisfy or resolve such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further Orders that Plaintiffs, Kassie K. Rivera and Higinio Rivera, in their individual capacities, and their attorneys, shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, upon final execution of the Stipulation and the Reversionary Trust and upon receiving notice from the United States Attorney's Office for the Western District of Texas that it has received the check for the amount of the Upfront Cash set forth in Paragraph 3.a.i. of the Stipulation, shall cause

---

[1] Janet, Jenner & Suggs will retain $10,000.00 to satisfy any additional expenses which have not yet been billed or determined. Upon satisfaction of all outstanding costs and expenses, the balance will be paid to Plaintiffs.

their attorneys to file with the United States District Court for the Western District of Texas a dismissal of this action in its entirety with prejudice, with each party bearing its costs, expenses, and fees under the terms set forth in this Order and the Stipulation. Upon the filing of such dismissal, the United States Attorney for the Western District of Texas shall transmit to Plaintiffs' attorney, Kenneth Suggs of Janet, Jenner & Suggs, said check in the amount of the Upfront Cash. Subject to the terms and conditions set forth in Paragraph 3.a. of the Stipulation and the provisions of this Order, Plaintiffs' attorney, Kenneth Suggs of Janet, Jenner & Suggs, shall distribute said Upfront Cash to the Plaintiffs in conformance with the terms of this Order and the terms of the Stipulation, accordingly: after reimbursing its costs and expenses, after paying the Court-Ordered Guardian *Ad Litem* fees, and after paying or resolving any lien or claim for reimbursement or payment for which Plaintiffs, Kassie K. Rivera and Higinio Rivera, in their individual capacities, have agreed to be legally responsible under the terms of the Stipulation and this Order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall not retain jurisdiction over the action against the United States or the settlement.

SIGNED this 3rd day of December, 2013.

APPROVED AS TO FORM AND CONTENT:

---

HONORABLE JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

_____
MARK GUERRERO
Assistant United States Attorney
**Attorney for Defendant, United States of America**

_____
KENNETH SUGGS
Janet, Jenner & Suggs
Commerce Centre East
1777 Reisterstown Rd, Ste. 165
Pikesville, MD 21208
**Attorney for Plaintiffs**

_____
LAURA BROWN
Williams & Brown LLP
Bridgeview Center, 2nd Floor
7901 Fish Pond Rd
Waco, Texas 76710
**Attorneys for Plaintiffs**

_____
GARY E. ZAUSMER
Winstead PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
State Bar No. 22251350
**Court Appointed Guardian *Ad Litem* for H.R., a minor (so in connection with the Settlement approval process)**